## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

VICTOR WADE HICKS,

     Plaintiff,

v.                                                           Case No.  5:26-cv-46-TKW-MJF

JOSEPH FLOYD, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this case without prejudice because Plaintiff violated the Local Rules by failing to disclose his litigation history as required by the complaint form's explicit instructions.

### BACKGROUND

Plaintiff Victor W. Hicks is an inmate of the Florida Department of Corrections ("FDC") housed at the Santa Rosa Correctional Institution. Hicks's FDC inmate number is 956645. Doc. 1 at 1, 2.

Hicks initiated this civil action on February 9, 2026, by filing a complaint under 42 U.S.C. § 1983. Doc. 1. Hicks is suing four prison officials of the Jackson Correctional Institution.

## DISCUSSION

### A.   Screening of Hicks's Complaint

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted), *petition for cert. filed*, No. 25-808 (Jan. 9, 2026). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)). These rules "are effective 'unless modified or abrogated by the judicial council of the relevant circuit.'" *Brown v. Crawford County*, 960 F.2d 1002, 1009 n.10 (11th Cir. 1992) (quoting 28 U.S.C. § 2071(c)(1)).

Rule 5.7(A) of the Local Rules of the United States District Court for the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Compl. Form at 8. The form goes on to state that the inmate should *[a]ttach additional pages as necessary to list all cases.*" Compl. Form at 10, 12. Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

Compl. Form at 12.

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction. N.D. Fla. R. 41.1.

In short, Hicks is required to complete the standardized civil-rights complaint form and to complete the form according to its instructions.

## B.    Hicks's Responses to Questions on the Complaint Form

Hicks provided answers to Section VIII of the complaint form which requires Hicks to disclose his litigation history. Doc. 1 at 9–12. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Hicks responded "Yes" to Question VIII(A), and disclosed one case he filed in federal court: *Hicks v. Hernando Cnty. Det. Ctr.*, No. 8:24-cv-1520-SDM-TGW (M.D. Fla. 2024). *See* Doc. 1 at 9. Hicks filed Case No. 8:24-cv-1520 on June 24, 2024, under his Hernando County inmate number (2300188603). *See* No. 8:24-cv-1520, Doc. 1 (M.D. Fla. June 24, 2024). That case was dismissed on July 1, 2024, for failure to state a claim on which relief can be granted. *See* No. 8:24-cv-1520, Doc. 3 (M.D. Fla. July 1, 2024). Hicks disclosed no other cases in response to Question VIII(A).

Hicks responded "No" to Questions VIII(B) and (C) of the form, and disclosed no cases in response to those questions. Doc. 1 at 10–11.

Page 5 of 10

At the end of the civil rights complaint form, Hicks signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12–13. Thus, Hicks has in effect stated that at the time he filed this lawsuit, he had not filed any other lawsuit or habeas corpus petition that challenged his conviction or related to the conditions of his confinement.

## C.   <u>**Hicks's Omissions**</u>

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Hicks filed his complaint in this case, Hicks had filed *at least* two additional cases in federal court that the complaint form required him to disclose. Specifically, on July 8, 2024, Hicks, while confined at the Hernando County Detention Center, filed a petition for writ of habeas corpus "pursuant to 28 Appendix U.S.C. Sec. 21." *See Hicks v. Warden, Hernando Cnty. Det. Ctr.*, No. 8:24-cv-1602-SDM-AEP (M.D. Fla. July 8, 2024). Hicks's initial and amended petitions challenged the sheriff's imposition and collection of booking and subsistence fees at the detention center. The district court for the Middle

Page 6 of 10

District of Florida denied the petition on July 18, 2024. *See* No. 8:24-cv-1602, Doc. 3 at 2 (M.D. Fla. July 18, 2024). Hicks later filed a notice of inquiry from the FDC's Central Florida Reception Center requesting the status of his petitions. *See* No. 8:24-cv-1602, Doc. 6. On July 31, 2024, the clerk of the court for the Middle District mailed Hicks a copy of the docket sheet. *Id.* (docket text). The foregoing case bears Hicks's name and DC# (956645).

In addition, on December 8, 2017, Hicks filed a habeas corpus petition in the Middle District of Florida challenging his 2017 conviction for lewd or lascivious molestation in Orange County Circuit Court Case No. 2013-CF-16529. *See Hicks v. State of Florida*, No. 6:17-cv-2108 (M.D. Fla. Dec. 8, 2017). The district court for the Middle District of Florida denied the petition and dismissed the case on December 13, 2017. *See* No. 6:17-cv-2108, Doc. 3 (M.D. Fla. Dec. 18, 2017). The foregoing case bears Hicks's name and DC# (956645).

The foregoing two cases are responsive to Question VIII(C) on the complaint form because they are lawsuits or habeas corpus petitions Hicks filed in federal court that challenged his conviction or related to

the conditions of his confinement. Hicks's failure to disclose the foregoing cases violates the complaint form's explicit instructions and Hicks's duty of candor to the District Court.

## D.    The Appropriate Sanction Is Dismissal Without Prejudice

"[A] district court may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair*, 143 F.4th at 1306 (internal quotation marks and citations omitted). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308; *Id.* at 1306 (noting a district court's "inherent authority to dismiss [a] complaint without prejudice as a sanction for [the plaintiff's] failure to disclose his full litigation history as required by the standard inmate complaint form.").

Page 8 of 10

Here, Hicks violated the Local Rules by failing to disclose his litigation history, as required by the duly adopted standard complaint form. Hicks knew from reading the complaint form that he was required to disclose all civil cases and habeas cases he filed prior to the complaint in this case. *See* Compl. Form at 8. Hicks also knew that the penalty for failing to disclose the prior lawsuits was dismissal of this case. *Id.*; *see also* N.D. Fla. Loc. R. 41.1.

A penalty is warranted both to deter Hicks from such conduct and to deter others from similar misrepresentations and omissions. An appropriate sanction for Hicks's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this case without prejudice. *McNair*, 143 F.4th at 1308; *see also id.* at n.4 ("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct.").

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice—pursuant to the Court's inherent authority to manage its docket and enforce the Local Rules—based on Plaintiff's failure to comply with the complaint form's explicit instructions and failure to truthfully disclose his litigation history.

2. **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>24th</u> day of February, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

<u>**NOTICE TO THE PARTIES**</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to this R&R waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. If a party disputes the accuracy of any judicially-noticed fact, or if a party otherwise desires to be heard on the propriety of the District Court taking judicial notice of a fact, that party must raise this issue in an objection to this R&R.**